DATE FILED: August 5, 2019 11:38 AM
FILING ID: 3C12F0672D322
CASE NUMBER: 2019CV32996

| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, COLORADO<br>Court Address: 1437 Bannock Street, Denver, Colorado 80202 | |
| Plaintiff: Patrick J. Lawrence<br><br>Defendant: Allstate Fire and Casualty Insurance Company | ▲ COURT USE ONLY ▲ |
| Michael Born, #38464<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number: (303) 757-3206<br>E-Mail: bornm@fdazar.com | Case No.:<br><br>Division: |
| **COMPLAINT** | |

COMES NOW Plaintiff, Patrick Lawrence, by and through his attorneys, Franklin D. Azar and Associates, P.C. for his Complaint against the Defendant, states and alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual and resident of the State of Colorado.

2. Defendant Allstate Fire and Casualty Insurance Company ("Allstate") is a company with a registered agent in and that regularly conducts business activities in the State of Colorado.

3. Jurisdiction and Venue are proper in this action pursuant to C.R.C.P. § 98, as Allstate does business in Denver County.

### II. GENERAL ALLEGATIONS

4. Plaintiff was involved in a motor vehicle collision which occurred on April 13, 2017, at approximately 9:02 p.m.

5. Plaintiff and Ben Collins were both traveling southbound on I-25.

6. Plaintiff was stopped in front of Mr. Collins for a construction merge vehicle when the collision occurred.

7. Mr. Collins collided with the rear of Plaintiff's vehicle.

8. Plaintiff incurred injuries, losses, and damages as a result of the collision.

9. Plaintiff's injuries, losses, and damages were caused by Mr. Collins' negligence.

10. Plaintiff has not failed to mitigate his damages.

11. Mr. Collins was underinsured for purposes of covering Plaintiff's injuries, damages, and losses.

12. Plaintiff possesses underinsured motorist insurance coverage which was purchased from Defendant Allstate prior to the subject motor vehicle collision.

13. Plaintiff submitted documentation to support his claim to Defendant Allstate and requested that the claim be evaluated for benefits.

14. Plaintiff also submitted supplemental documentation to Defendant several times.

15. Defendant had a duty to promptly investigate the underinsured motorist claim.

16. Defendant failed to appropriately investigate Plaintiff's claim.

17. Defendant failed to timely pay benefits owed to Plaintiff's.

18. Defendant failed to consider Plaintiff's full damages without a reasonable basis.

19. Defendant's conduct resulted in unreasonable delay of payment of benefits owed.

20. Defendant failed to provide a reasonable explanation to Plaintiff for the compromise offer of settlement.

21. Defendant has acted in bad faith.

### III. FIRST CLAIM FOR RELIEF
### (FIRST PARTY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

22. Plaintiff incorporates all prior allegations as though fully set forth herein.

23. Defendant Allstate has denied and delayed payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action.

24. In accordance with C.R.S. § 10-3-1116, Plaintiff is entitled to recover from Defendant Allstate two times the covered underinsured motorist benefits, plus reasonable attorney's fees and court costs.

### IV. SECOND CLAIM FOR RELIEF
### (BAD FAITH)

25. Plaintiff incorporates all prior allegations as though fully set forth herein.

26. Defendant owed Plaintiff a duty to act in good faith in investigating, reviewing, adjusting, and settling his claims.

27. Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   a. Compelling Plaintiff to institute litigation to recover amounts due to his under the underinsured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;

   b. Favoring the interests of Defendant Allstate, an insurer, over those of Plaintiff, an insured, to whom Defendant Allstate owes fiduciary and statutory duties;

   c. Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist;

   d. Incompetently evaluating Plaintiff's claim; and,

   e. Failing to provide reasonable explanation regarding its position to its insured.

28. Defendant's actions are unreasonable.

29. Defendant Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

30. As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

   a. Being forced to incur additional costs in litigation;

   b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and,

   c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment which should have been paid by now.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

**THE PLAINTIFF RESPECFULLY REQUESTS TRIAL BY JURY, ON ALL ISSUES SO TRIABLE.**

Respectfully submitted August 5, 2019.

FRANKLIN D. AZAR & ASSOCIATES, P.C.

By: /s/*Michael Born*
Michael Born, #38464
ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
6371 South Yarrow Street
Littleton, Colorado 80123

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of these document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*